UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dia Gibbs, | Case No. 19-cv-1844 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| Resurgent Capital Services, L.P., | |
| Defendant. | |

This matter is before the Court on Defendant Resurgent Capital Services, L.P.'s (Resurgent) motion to dismiss Plaintiff Dia Gibbs's complaint. (Dkt. 7.) For the reasons addressed below, the motion to dismiss is granted.

## BACKGROUND

Gibbs's Credit One Bank credit card account (Credit One account) was acquired by LVNV Funding (LVNV). She subsequently filed for Chapter 13 bankruptcy, and Resurgent filed a proof of claim in the bankruptcy proceedings on behalf of LVNV with respect to Gibbs's Credit One account. Resurgent's proof of claim included an itemized statement for $1,063.65 in principle, $53.71 in interest, and $0 in fees.

Gibbs initiated this lawsuit against Resurgent, alleging violations of the Fair Debt Collection Practices Act (FDCPA). Gibbs asserts that the statement from Gibbs's Credit One account shows a balance of $1,007.35, including fees totaling $146.25 incurred through 2018. Gibbs contends that she did not pay the $146.25 in fees because she made the last payment on her account in November 2017. Therefore, according to Gibbs,

Resurgent's proof of claim falsely represents that it is not seeking to collect $146.25 in pre-bankruptcy fees. For this reason, Gibbs alleges, Resurgent's proof of claim in the bankruptcy proceeding fails to comply with Rule 3001, Fed. R. Bankr. P., because the proof of claim is false, deceptive, and misleading. Resurgent's collection actions violate 15 U.S.C. § 1692e(2)(A) and (10), Gibbs contends.

## ANALYSIS

Resurgent moves to dismiss Gibbs's complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, the court accepts the facts alleged in the complaint as true and considers all reasonable inferences in favor of the nonmoving party. *See Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009).

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Conduct that violates Section 1692e includes, as relevant here, "[t]he false representation of . . . the character, amount, or legal status of any debt," *id.* § 1692e(2)(A), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10). To be actionable, a false representation must be material. *See Hill v. Accounts Receivable Servs., LLC*, 888 F.3d 343, 345-46 (8th Cir. 2018).

Resurgent argues that dismissal is warranted because actions taken in a bankruptcy proceeding—specifically, the filing of a proof of claim—cannot form the basis for a FDCPA claim against a creditor. Here, Gibbs alleges that Resurgent violated Rule

2

3001(c)(2)(A), Fed. R. Bankr. P., which requires that every proof of claim seeking pre-bankruptcy interest, fees, expenses, or other charges must be accompanied by an itemized statement of the amount. This alleged violation is the basis of Gibbs's FDCPA claim.

The issue presented here is nearly identical to the issue presented in *Morris v. Midland Funding, LLC*, No. 19-cv-795 (JNE/BRT), 2019 WL 4142714 (D. Minn. Aug. 29, 2019). The plaintiff in *Morris* alleged violations of Section 1692e, asserting that the defendant overrepresented the amount of its claim and failed to itemize its proof of claim. As here, the plaintiff's Section 1692e claims were founded on alleged violations of Rule 3001 of the Federal Rules of Bankruptcy Procedure. Relying on *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017), the *Morris* court reasoned that "[t]he failure to abide by the Federal Rules of Bankruptcy Procedure does not necessarily provide a basis for an actionable FDCPA claim."

The Supreme Court of the United States held in *Midland Funding, LLC v. Johnson* that filing an "obviously time-barred claim" was not "unfair" or "unconscionable" within the terms of the FDCPA, even though such action could be sanctioned under the Federal Rules of Bankruptcy Procedure. 137 S. Ct. at 1413–15. The FDCPA and the Bankruptcy Code have "different purposes and structural features." *Id*. at 1414. "The [FDCPA] seeks to help consumers . . . by preventing consumer bankruptcies in the first place." *Id*. "The Bankruptcy Code, by way of contrast, creates and maintains . . . the delicate balance of a debtor's protections and obligations." *Id*. at 1415 (internal quotation marks omitted). In *Johnson*, the Supreme Court declined to "authorize a new significant bankruptcy-related

remedy in the absence of language in the [Bankruptcy] Code providing for it," and rejected the FDCPA claim. *Id.*

This Court, as the district court in *Morris*, finds *Johnson* authoritative on the matter presented here. Gibbs alleges that Resurgent filed a proof of claim in her bankruptcy case that did not comply with Rule 3001 of the Federal Rules of Bankruptcy Procedure. In doing so, Gibbs has identified the "appropriate and exclusive means" to determine whether Resurgent's proof of claim should be allowed. *Morris*, 2019 WL 4142714, at *2 (internal quotation marks omitted). As addressed in *Johnson*, the FDCPA and the Bankruptcy Code have different purposes and structural features that limit the applicability of the FDCPA as a remedy for Bankruptcy Code violations.[1] Because the FDCPA does not apply to Gibbs's claims against Resurgent, Resurgent's motion to dismiss the complaint is granted.[2]

## ORDER

Based on the foregoing analysis and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Resurgent Capital Services, L.P.'s motion to dismiss, (Dkt. 7) is **GRANTED**.

2. Plaintiff Dia Gibbs's complaint, (Dkt. 1), is **DISMISSED WITH PREJUDICE**.

---

[1] This ruling need not address whether *Johnson* forecloses *all* FDCPA claims that may implicate the Bankruptcy Code. And the Court declines to do so here.

[2] In light of this ruling, the Court need not address Resurgent's second argument as to whether claiming a lesser amount than actually owed qualifies as false, deceptive, or misleading under the FDCPA.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 21, 2020               s/Wilhelmina M. Wright
                                      Wilhelmina M. Wright
                                      United States District Judge